Filed 4/1/16  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOEY RIGOBERTO LOPEZ,<br><br>    Defendant and Appellant. | F069566<br><br>(Super. Ct. No. F13910770)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Franson, J.

A jury convicted appellant Joey Rigoberto Lopez of assault with a firearm (count 1/Pen. Code, § 245, subd. (a)(2)),[1] and possession of a firearm by a felon (count 2/§ 29800, subd. (a)(1)), and found true a personal use of a firearm enhancement in count 1 (§ 12022.5, subd. (a)).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 8, 2013, at approximately 8:00 p.m., Alfonso Chavez walked to the Fiesta Market in Huron, California and encountered Lopez standing outside.  Chavez confused Lopez with Lopez's cousin or uncle and referred to him by the wrong name, causing Lopez to become angry.  Lopez challenged Chavez to fight in an alley.  Chavez, however, continued walking inside the store.  When Chavez came out, Lopez was no longer standing at the entrance.  After Chavez walked two blocks towards his house, Lopez rode up on a bicycle and told Chavez to "take out" what he had.  Chavez replied that the did not have anything.  Lopez then pulled a sawed-off shotgun from his shorts, pointed it at Chavez's stomach, and stated that he was going to kill him.  Chavez unsuccessfully attempted to take the shotgun from Lopez, then pushed him and ran.  When Chavez was 10 to 15 feet away from Lopez, he heard the shotgun discharge and felt something strike him on his right hip.[2]  Chavez turned around and saw Lopez ride off on his bicycle.

After Chavez called 911, Huron Police Officer Carlos Esqueda arrived on the scene and summoned an ambulance.  After Chavez was treated on the scene for his injuries, Officer Esqueda took Chavez to the police department.  Although Chavez was not personally acquainted with Lopez, he was familiar with him because when Chavez first arrived in Huron two years earlier, he saw Lopez sitting in an alley.  At the police

---

[1]     All further statutory references are to the Penal Code.

[2]     Chavez was hit by eight birdshot pellets that could not be extracted.

2

department, Chavez was shown some photographs and identified Lopez as the man who shot him.

Lopez was arrested later that night at his residence. During a postarrest interview, Lopez stated that at the time the shooting occurred, he was with his mother, a person named "Metcha," and a woman named Jackie Aguilar. As the interview ended, Lopez asked Officer Esqueda to call his mother and tell her goodbye.

On December 6, 2013, the district attorney filed an information charging Lopez with the two counts he was convicted of and the arming enhancement that was found true.

On April 18, 2014, the jury reached guilty verdicts on both counts and found the special allegation true.

On May 28, 2014, the court sentenced Lopez to an aggregate term of 14 years: the upper term of four years on his assault conviction; a 10-year term on the arming enhancement in that count; and a concurrent middle term of two years on his possession of a firearm by a felon conviction. The court also terminated Lopez's felony probation in an unrelated case.

Lopez's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende, supra,* 25 Cal.3d 436.) Lopez has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3